ARZUBA CHILES, Respondent, v. AARON F. GARRISON *et al.*,
Appellants.

*Bailment—Loan.*—Where money was deposited by plaintiff with defendants as
a special deposit, and the parties subsequently agreed that the plaintiff
should lend and the defendants borrow the money, the loan was complete
if nothing remained to be done at any future time, and the defendants were
liable although subsequently robbed of the money.

*Appeal from Jackson Circuit Court.*

This was an action for money lent by the plaintiff to de-
fendants. The answer denies the loan, and denies any in-
debtedness to plaintiff. At the date of the alleged loan the
money was in special deposit with the defendants, and was
afterward stolen from them.

*Hovey & Henry*, for appellants.

I. The instruction given by the court, upon its own mo-
tion, makes no distinction between a special and general de-
posit. (See Coffin v. Anderson, 4 Blackf., Ind., 403.)

II. This instruction is calculated to mislead the jury. The
words " and that nothing remained to be done," etc., leave
them totally uninstructed as to the very point in issue, to-wit:
What was legally necessary to constitute a loan? and, herein,
of the necessity that defendants' instructions should have
been given also. (See Coleman v. Roberts, 1 Mo. 97, 69.)

*Hicks & Adams*, for respondent.

I. The instruction given by the court, on its own motion,
covered the whole case; and, therefore, all the other instruc-
tions were properly refused. The construction that was
given left it to the jury to determine whether the money had
been received by the appellants, and whether the loan was
completed; or whether the money was afterwards to be deliv-
ered as a loan, and was lost by robbery. This was the whole
question in the case; and the jury having found the issue for
the plaintiff, their verdict ought not to be disturbed. The
jury were the proper judges of the weight of evidence.

The question whether, under all the circumstances, there had been a loan and an acceptance thereof, was one of fact, and was properly submitted to the jury. (Chit. on Con. 390; Edan v. Duffield, 1 Q. Bench, 302 & 307; Lilly White v. Devereaux, 15 Mee. & W. 285, 291.)

There is analogy between loan and deposit. (See Sto. on Bail., § 55, 95.)

BAY, Judge, delivered the opinion of the court.

The only question presented by the record in this case is as to the propriety of the instruction given by the court. If the loan was complete before the robbery, then the loss fell upon the defendants; but if, under and by virtue of the terms of the contract, anything remained to be done to vest in the defendants the right to the money, then the loss was incurred by the plaintiff. We think no question can arise in regard to the delivery, for the money was already in the custody and possession of the defendants, having been previously left with them in special deposit.

The court refused all the instructions asked on both sides, and gave in lieu of them the following:

"If the jury find from the evidence that the plaintiff, by her agent, William G. Chiles, agreed with the defendant Garrison, for and on behalf of the firm of Garrison & Hughes, to loan to them the sum of eight hundred dollars, and that Garrison agreed, on behalf of said firm, to borrow the same, and that the money was at the time on deposit with said firm, and that nothing remained to be done at any future time to complete the loan, the jury will find for the plaintiff; but if it was only agreed that the money should be loaned, and it was further agreed that William G. Chiles, or some one else on the part of plaintiff, should go to defendants to obtain their note or count the money, or both, before the loan was to be complete, and that, before the giving a note or counting the money, the safe of defendants was robbed, without the fault of the defendants, or either of them, and the money stolen, they will find for the defendants."

Whether the loan was perfected or not before the robbery, was a question of fact, depending upon the terms of the contract as disclosed by the evidence in the cause, and the instruction very properly submitted it to the jury.

We see no objection to the first and fourth instructions asked by the defendants, but they were substantially given in the instruction of the court, and their refusal furnishes no ground for a reversal of the judgment.

Upon the whole, we think the instruction given covers the law of the case ; and as the jury have passed upon the facts, we see no good reason to disturb their verdict.

With the concurrence of the other judges, the judgment of the court below will be affirmed.