## GEORGE HOWARD v. GEORGE ROEBEN.

SPECIAL DEPOSIT OF GOLD.—If one making a special deposit of gold coin, afterwards contracts with the bailee to pay him interest on the same, the special deposit is turned into an open account.

GOLD COIN JUDGMENT.—A judgment payable in gold coin cannot be recovered upon an open account or account stated, unless there is a promise in writing to pay the balance in such coin.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The plaintiff appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*Earl Bartlett,* for Appellant.

*C. Wittram,* for Respondent.

By the Court, SHAFTER, J. :

Should it be conceded that the evidence of the plaintiff tended to prove that the gold coin named in the complaint was left with the defendant, in the first instance, on special as contradistinguished from general deposit, still it appears from the evidence of the plaintiff, testifying in person, that in October, 1856—the month in which the deposit was made —he called for the deposit, and that it was then arranged that the defendant should pay interest thereafter on the amount of it, to wit: nine hundred and eighty-three dollars. The plaintiff was boarding with the defendant when the deposit was made, and he continued to board with him for a period of about eight years thereafter.   With the exception of the demand named, it does not appear that plaintiff made any further demand for his deposit, nor does it appear that the defendant was paid anything thereafter on account of board.   Assuming these facts, and there was no contest concerning them, they had a direct tendency to prove that the relation of bailor and bailee ended by mutual agreement in October, 1856, and that the relation of creditor and debtor was then fully established in its stead.   The omission on the one hand to ask for money on account of board, and the omission on the other to reclaim the deposit for eight years, and the agreement to pay interest, can be explained upon no other hypothesis.   The case made, then, falls under the second count, framed on an account stated, instead of under the first count, which states a deposit for safekeeping as the ground of recovery.

The jury, without particular instruction from the Court as to their duty in the matter, returned a verdict for six hundred and thirty-three dollars, payable in gold coin, though there was no evidence that either on or after the striking of the balance between the parties the defendant promised in writing to pay it in gold.   As the evidence all tended to show that the original deposit was turned into an open account, and as there was no written contract to pay the

balance in coin, we consider that the verdict was against law, and that a new trial should be awarded for that reason.

Judgment reversed and new trial granted.

Mr. Justice SANDERSON did not express an opinion.