LEMAN B. HOTCHKISS, Respondent, *v.* CHARLES MOSHER, impleaded, etc., Appellant.

A certificate of deposit issued by a bank is not a contract but an evidence of debt; it is in the nature of a receipt, and parol evidence is admissible to explain it, the same as in case of a receipt.

Plaintiff paid to defendants, who were bankers, the amount of certain notes held by them, which were guaranteed by him, for the purpose of taking up the same; the notes, being made payable at defendants' bank, were left with them for collection. As a voucher of the transaction, defendants delivered to plaintiff a certificate of deposit for the amount paid for the notes. In an action of trover for the conversion of the notes,—*Held,* that the referee was justified in finding that the certificate was a voucher that plaintiff had paid the money for the notes, thus giving it the character and effect ascribed to it by defendants. He was also justified in refusing to find that the money paid was a deposit.

When the facts which constitute a transaction are stated in detail in a referee's report, his finding as to their effect is a conclusion of law.

Plaintiff, as a witness for himself, was asked to state what notes he had guaranteed. He answered from a written memorandum furnished him by defendants. *Held,* that the question was proper, as it simply called for a description merely, not the contents of the notes, and that the memorandum, as an admission of defendants, was proper evidence.

In an action of trover for the conversion of a written obligation, the defendant is supposed to have it in his possession or under his control, and no notice to produce it upon the trial is necessary to enable plaintiff to give parol evidence as to its contents; the action itself is notice.

M., one of the defendants, as a witness for them, was asked to state whether, if the notes had been left for collection, they would have been placed to collection account; also, whether, if the money had been paid to the bank for the notes, he would have given a certificate of deposit. *Held,* that the question was purely hypothetical, and the evidence was properly excluded.

(Argued January 5, 1872; decided May term, 1872.) .

APPEAL from judgment of the General Term of the Supreme Court in the seventh judicial district, affirming a judgment in favor of the plaintiff entered on the report of a referee.

The action is to recover for the conversion of five promissory notes, amounting to about $800.

The referee found that on the 5th of September, 1857, the defendant held eleven promissory notes, amounting together to $2,324.64, the collection of which was guaranteed by the plaintiff and discounted by the defendants, the said five notes mentioned in the complaint being a part thereof; that the plaintiff was a depositor with the defendants, and on that day his account as a depositor was stated by the defendants, and a balance of $1,104.53 was found due to the plaintiff on that account, for which the defendants delivered him their certificate that he had deposited that amount with them, and that it bore interest at seven per cent per annum. The amount · due on the said notes was also then reckoned up and stated. That on the same day the defendants requested the plaintiff to obtain the money and take up the said notes guaranteed by him, none of which were then due, except one for $70.86 falling due that day, which was to be deducted; and the defendants agreed to pay to the plaintiff, for obtaining the money, the sum of ten dollars. That the plaintiff procured $1,100 in cash, a check of fifty dollars, and a certificate of deposit with the defendants for fifteen dollars, and paid the same to the defendants to take up and purchase the said notes and extinguish his liability as guarantor thereof, and received from the defendants *a paper vouching* that he had paid them for said notes. That the notes were not actually delivered to the plaintiff, and, without having been in his actual possession after such payment, were left with the defendants for collection as they fell due, the said notes being made payable at the defendants' bank. That the defendants failed about the 12th, and made a general assignment for the benefit of their creditors about the 22d of September, 1857.

That the defendant Cole, on the 12th September, 1857,

delivered five of the said eleven notes to the plaintiff; but the remaining five notes mentioned in the complaint, the defendant Mosher, on the 9th of September, 1857, transferred to the Bank of Lima, as security for a note of the defendants discounted at that bank and afterward surrendered to them. That the certificate and voucher were never surrendered by the plaintiff to the defendants, but the plaintiff once offered to leave it with Mosher but he declined to receive it.

The referee found, as conclusions of law, that the plaintiff paid to the defendant the full amount of the ten notes guaranteed by him as the purchase price of the said notes which were sold to him by the defendants; that there had been a demand and refusal of the notes; and that the plaintiff have judgment for $895. The counsel for the defendant Mosher excepted to each of the said conclusions of law. He also requested the referee to find "that at the time the plaintiff made the deposit, on or about the 5th of September, 1857, he took from the defendants a certificate of deposit in the usual form for the amount so left or deposited, payable on demand, with interest at seven per cent," but the referee refused so to find or decide otherwise than is in his report stated; the counsel for the defendants duly excepted to such refusal. It appeared from the evidence that when plaintiff paid the money for the notes, the defendant Mosher suggested to him that he had better take a "voucher;" that Mosher then made out and delivered a certificate that the plaintiff had deposited with them $1,100, the sum then paid to the defendants. There was no provision in the certificate for the payment of interest. Judgment was entered for the plaintiff upon the report of the referee.

*E. Lapham* for the appellant. A party cannot by parol contradict or vary a written contract. (*Ely* v. *Kilbourne*, 5 Den., 514; *Dargen* v. *Ireland*, 14 N. Y., 322.)

*H. O. Chesebro*, for the respondent.

LEONARD, C. It appears from the evidence that there was an agreement on the 5th of September, 1857, to take up certain notes held by the defendants, the collection of which had been guaranteed by the plaintiff. The interest was computed, and the amount due on that day ascertained and settled by the parties. On the same day the amount due by the defendants to the plaintiff for deposits was also stated, and the plaintiff then procured and paid to the defendants the sum required, in addition to what the defendants owed him, to pay for the notes so purchased. The agreement was then understood to be consummated, and the title to the notes to be vested in the plaintiff, but, for his accommodation, they remained at the banking-house of the defendants, where they were all of them payable, so that they might be conveniently found by the makers at maturity. Nothing appears to disturb the conclusiveness of the arrangement, except the certificate that the money paid by the plaintiff had been *deposited* by him with the defendants. It is claimed that the taking of the certificate as for money deposited is not consistent with a title to the notes. The proper voucher would have been a receipt for the notes, the subject for which the plaintiff alleges that he paid his money. The inference from the delivery and receipt of the certificate is met by the plaintiff by the agreement that he should take up the notes, and its performance on his part, and by the fact that the defendants did deliver to him the larger part of the notes in amount, at a subsequent date, as in part performance of the agreement; and it is further claimed that the force of the certificate, as evidence inconsistent with his title to the notes, is overcome by the designation of it by the defendant Mosher as a voucher. The exception of the defendant to the refusal of the referee to find that the plaintiff, at the time of the deposit, took from the defendants a certificate of deposit for the amount, is based upon the evidence of conversion accompanying the delivery of this instrument. The referee has found, instead of the fact so requested to be found, that the plaintiff received from the defendants a " paper vouching that he had paid them for said

notes." It is apparent that the referee is correct in his finding of fact, as well as in his refusal to find as requested, unless the rules of law required him to accept the written certificate as conclusive evidence of the nature of the transaction, and to disregard the accompanying declaration of the defendant Mosher that the plaintiff should receive it as a voucher.

The certificate was simply an acknowledgment of so much money deposited with the bank. It was of the same force and effect as a receipt for money. The word " certify " adds no additional force to the instrument, as purporting a contract. It contained no promise on the part of the defendants; and if it had, the portion which operated as a receipt for money was quite as capable of separation from that part which evidenced a contract as in the case of a bill of lading. A certificate or acknowledgment that another has deposited a sum of money, has the effect of an acknowledgment by one party that he has received a sum of money from another. A simple certificate like the one in question is not the basis of an action like a promise in writing, but would be evidence, like a receipt, to raise an implied promise to pay in an action for money had and received. We are of the opinion that parol evidence was admissible to explain the certificate in the same manner as in the case of a receipt. (1 Greenl. Ev., § 305.)

In this case the defendants proposed it as a voucher, and themselves prepared and delivered it as such, and the plaintiff so accepted it. It may be well held that the defendants are thereby estopped from claiming for it any other character or effect. The referee, regarding it as a voucher for the money to be received on the collection of the notes, has found that the certificate is " a paper vouching that the plaintiff had paid the defendants for the notes," thereby adopting the effect given to it by the defendant Mosher, when he prepared and delivered it to the plaintiff. He was justified on that ground for refusing to find, as requested, that the money paid by the plaintiff was a deposit, or in any manner affording an inference that the money was received by the defendants for any

purpose except in payment for the notes thereby purchased and paid for.

These considerations also dispose of the objection that the conclusion of the referee that the money was paid as the purchase-price of the notes, is one of fact and not of law. The referee set forth the facts of the transaction, and declared that those facts constituted in law a payment of the purchase-price for the notes. In the manner that the report is drawn, the conclusion of payment is one of law. When the facts are stated in detail which constitute the transaction, their effect is a conclusion of law, and in the present case it is correctly designated as a payment of the price of the notes.

The defendants have made some criticism in respect to the omission to produce the certificates of deposit at the trial, but the question was not there raised so as to bring it before this court, or require any consideration. The defendants have urged three exceptions taken at the trial to the admission or exclusion of evidence:

1st. The plaintiff, as a witness in his own behalf, was asked, on cross-examination, "What did you receive for guaranteeing the paper?" An objection by the plaintiff's counsel was sustained, and the defendants excepted. The paper referred to was the notes guaranteed by the plaintiff, and the subject of the action. It is impossible to perceive that this inquiry has any pertinency. It was suggested by counsel that it corroborated the defendants' evidence that the plaintiff was allowed interest on his deposits, and that he was to keep on deposit an amount equal to his guaranteed paper, as to which latter fact there was a discrepancy in the proof. It still remains not apparent how the question of a commission for guaranteeing, or the amount of such commission, would aid or corroborate the defendants. Besides, there was no difference in the evidence on the point so disputed at the time when the question was put, and it was not repeated after the difference arose on the evidence given by defendant Mosher.

2d. The plaintiff was asked, as a witness in his own behalf,

to state what notes he had guaranteed. The defendants objected on the ground that the notes could not be proved by parol. The objection was overruled, and the defendants excepted. The inquiry did not relate to the contents of the notes. It called for a description. The witness gave it from a written memorandum, which had been made and furnished to him by the defendant Mosher, when it was proposed that he should purchase or take up his guaranteed paper. The memorandum of the defendants was an admission by them, and, as such, evidence for the purpose for which it was introduced. The rule that the best evidence only must be admitted, was not transgressed.

3d. The defendant Mosher, as a witness in his own behalf, was asked to state whether, if these notes had been left for collection, they would have been placed to collection account, in a book kept by the defendants in which they entered all notes left for that purpose. On objection by the plaintiff, the inquiry was excluded, and the defendants excepted.

The defendants had previously proven that they kept such a book, and that these notes were not entered in it. The inquiry objected to was purely hypothetical. The defendants must be content with the deduction justly to be drawn from the fact they were not entered, and any other actual fact which existed, upon which a reasonable inference should be predicated There was another question of a similar character to which an objection by the plaintiff and exception to the ruling occured in the like manner as the last. The defendant was asked, in his own behalf, as follows, viz.: "If this $1,100 had been paid to the bank for these notes, would you have given a certificate of deposit?"

The same reasons which sustained the ruling of the referee, in excluding the previous hypothetical inquiry, are applicable to this. There was no error, and the judgment should be affirmed with costs.

EARL, C. Upon the trial of this action, the plaintiff was sworn as a witness, and after testifying that he had guaranteed

a number of notes, was asked the following question : State what notes you have guaranteed ?  To this question defendants' counsel objected, on the ground that the notes could not be proved by parol.  The court overruled the objection, and the witness was permitted to answer.  The ruling violated no rule of evidence.  The question was merely preliminary, and the witness could properly describe by parol the notes which he had guaranteed.  Even if it was necessary for the plaintiff, to sustain a recovery for the five notes, either to produce them or to prove their contents by secondary evidence after laying the proper foundation, this objection to this question, at this stage of the trial, did not raise the question, and it was not raised, in any form, at any other stage.  The parties seem to have assumed that the character and value of the five notes were sufficiently and properly proved to sustain the action, and the only question litigated was whether the defendants had sold the notes to the plaintiff, and vested him with the title to them, so that he could maintain an action for the conversion of them.  But the question was not improper in any aspect of the case.  In an action of trover to recover for the conversion of written obligations, the defendant is supposed to have them, in his possession or under his control, and the action itself is notice to him to be prepared to produce them upon the trial, or to be ready to prove their contents.  (*How* v. *Hall*, 14 East., 274; *People* v. *Holbrook*, 13 Johns., 91; *Bissel* v. *Drake*, 19 id., 67.)

The defendant Mosher was sworn as a witness on his own behalf, and testified that the defendants kept in their bank a book in which were entered all notes left with them for collection, and he was then asked the following question : " Will you state whether, if these notes had been left for collection, they would have been placed to that account ?"  To this question plaintiff's counsel objected, and the court sustained the objection, and this is claimed as error.  I am of the opinion that this claim is not well founded.  The witness was permitted to testify that the bank kept such a book; that all notes left for collection were entered in it, and that these notes were

not so entered. This was sufficient to show what the custom and the mode of doing business at the bank were, and if this additional question was intended to prove simply the usage and course of business at the bank, it was wholly unimportant, as they were sufficiently proved. If it was intended to prove more, then it was incompetent, as calling for the opinion of the witness as to what would have been done by himself or others.

It is probably true that, at the time of the alleged purchase of the notes by the plaintiff, he took a certificate of deposit for the money he paid in the ordinary form. This circumstance was important evidence bearing upon the question of the alleged purchase, but was not conclusive. If the sale was in fact made, it matters not what form the transaction took. If the referee had found that the certificate of deposit was given for the money, it would not have affected his conclusion of law, and hence he committed no material error in his finding, or refusal to find, upon that point.

I have examined all the other allegations of error, and it is sufficient to say that I do not deem them well founded. The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.