THE FIRST NATIONAL BANK OF LACON

*v.*

JOHN MYERS.

EVIDENCE—*to overcome certificate of deposit as to sum deposited.* A certificate of deposit is evidence of so high and satisfactory a character as to the sum deposited, that, to escape its effect, the maker must overcome it by clear and satisfactory evidence. Where the testimony aside from the certificate is balanced as to the amount deposited, the certificate will turn the scale.

APPEAL from the Circuit Court of Marshall county; the Hon. JOHN BURNS, Judge, presiding.

This was an action of assumpsit, by the appellee, against the appellant. The material facts of the case are fully stated in the opinion of the court.

Messrs. BANGS, SHAW & EDWARDS, for the appellant.

Mr. A. J. BELL, and Messrs. BARNES & MUIR, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellee went to the bank of appellant, on the 1st day of October, 1874, and there deposited a sum of money, the amount of which constitutes the basis of this controversy. Appellee and the president were alone in the bank when the money was counted, but just as the president had counted and found the amount, according to his estimate, $7300, and was drawing a certificate of deposit for that sum, the cashier came in, and the president said to him, it was right, and he signed the certificate, and took charge of the money without then counting it. The president and appellee left, and started for the train, upon which both of them were going to leave, and it was near the time for its departure.

The cashier says he immediately locked the money in the vault of the bank, and went out, but returned in about ten minutes and took it from the vault and counted it, and he says he found it $500 short. Appellant claims that there was, in fact, but $6800 deposited, and that there was a mistake in

counting the money and in giving the certificate of deposit for $7300.

On a trial in the court below, the jury found a verdict for plaintiff for the $500 in dispute. Defendant made a motion for a new trial, which the court overruled, and entered judgment on the verdict, and defendant appeals.

A portion of the money was in $500 packages, a portion was loose and not in packages, and there was a draft for $940.62, which constituted the amount deposited. Appellant claims that there was but eleven $500 packages, and appellee claims there were twelve. They were, in the count, taken to be correct as marked, without counting the bills they contained; but it is not claimed that, on being carefully counted, any of them were found to be short, so that the alleged mistake did not occur in that manner. Martin, the president, in counting the money, set down on the envelope, in figures, $5500, which all agree was in $500 packages. He then placed under that $880 and the $940.62 draft, which, on being added together, aggregated the sum of $7320.62. Martin then handed back $20.62, leaving, according to his count, $7300, the amount for which the certificate was given. Martin thinks that he must have counted one of the $500 packages twice, whilst appellee testified that he first handed to Martin eleven of such packages with $200 of loose bills, and, after Martin had counted the packages, he handed to him another $500 package, which he had in another paper, and $180 in loose bills, and the draft, and Martin then counted that with the draft.

Appellee testified that he counted the money three several times, and that it was correct; and Ford, the cashier, testified that he counted it the same number of times, and found it short $500. Appellee seems to be fair and straightforward in his testimony. He also gave a clear and consistent statement of where he got the money. He gives the place, the persons and the amount he received of each, which, with a sum he had at home, and which he added to the amounts thus received, when footed up, makes the amount he took to the bank. Ford is positive of his correctness in the various counts he made, so

that it would seem their testimony is irreconcilable. It was, then, for the jury, in the light of all the circumstances, to say to whom they would give the credit. If they were both equally credible, the fact that Martin's count coincided precisely with appellee's is a strong circumstance to corroborate the latter's testimony.

Having given the certificate of deposit, it is evidence of so high and satisfactory a character that, to escape its effect, the maker must overcome it by clear and satisfactory evidence, which, when considered as it appears in the record, we think it has failed to do. Slight, uncertain or contradictory evidence is not sufficient, unless it clearly and decidedly preponderates against the instrument, and we are not able to say that it does in this case.

Again, the jury saw the witnesses on the stand, as well as their manner of testifying, which, in such cases, is of great assistance in arriving at the truth. On paper, the evidence of two witnesses may appear to possess equal credibility, yet the manner of one of them on the stand may be such as to entirely destroy his credit for veracity. The jury, then, had the means of judging of the manner of the witnesses in testifying before them—their intelligence, their fairness and other circumstances that must go far in determining which is entitled to credit; and the circuit judge, in overruling the motion for a new trial, has expressed his satisfaction with the verdict, which he would not have done had he believed it wrong. It is manifest, if only the evidence offered by appellee had been before the jury, it would have been almost impossible for any jury to have found differently from what this jury did; nor is it sufficient to set aside their finding because they would have found for appellant had its testimony been alone before them. It was a clear conflict in the evidence, and it was for the jury to decide, and we are unable to say that it is against the evidence, or, even if it may be conceded that it is, that it is so clearly so as to warrant a reversal.

The judgment of the court below must be affirmed.

*Judgment affirmed.*