Mt. Vernon Stone Company v. J.R. Sheely & Co. *et al.,*
Appellants.

| 114 | 313 |
| 123 | 191 |
| 114 | 313 |
| f135 | 5 |
| 135 | 684 |
| 114 | 313 |
| 137 | 543 |
| 114 | 313 |
| 139 | 640 |

Evidence: WHAT IS NOT PAROL VARIANCE. The parties contracted in writing that plaintiff would furnish defendant a specified amount of cut stone, of certain dimensions and quality at the place and time therein stated, for a fixed price per yard. At the same time they agreed orally that defendant should have a derrick ready to receive the stone by a specified date; that with each load of stone delivered plaintiff would furnish a ticket showing the measurement, and any controversy as to the measurement or the quality of the stone should be settled before the stone was used. *Held,* that evidence of such oral agreement was admissible since it did not dispute or change the written contract or affect any of its terms.

Appeal: INSTRUCTION NOT EXCEPTED TO: *Law of case.* Defendant failed to perform an agreement to erect a derrick at a certain time to receive and unload stone furnished by plaintiff, and

plaintiff claimed that he was damaged thereby. Evidence in support of such claim was admitted over defendant's objection. The court charged that if by such failure plaintiff was delayed to his damage, the jury should find for the plaintiff for such sum as damages thereby as the evidence shows plaintiff suffered. *Held*, that where the record does not show that defendant excepted to the charge, it became the law of the case, and the ruling of the court in the admission of evidence in accordance with such rule will not be reviewed.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

TUESDAY, MAY 28, 1901.

PLAINTIFF, a corporation, brings this action against the defendant co-partnership and the members thereof, and, as cause of action, alleges, in substance, as follows: That these parties entered into a contract in writing on the twenty-ninth day of October, 1897, as follows: "This agreement, entered into this day between J. R. Sheely & Co., of Des Moines, Iowa, party of the first part, and the Mt. Vernon Stone Co., of Mt. Vernon, Iowa, by its secretary and treasurer, W. E. Plattner, party of the second part, witnesseth, that the party of the first part agrees to purchase of the party of the second part about three hundred and fifty cubic yards (350) bridge stone for the Sutliff Ferry Bridge across the Cedar river, in Johnson county, Iowa,—stone to be of such dimension and quality as to fill the specifications, and to be satisfactory to engineer in charge,—and to pay party of the second part for said stone at the rate of $6.25 (six and 25-100 dollars) per cubic yard for stone cut and delivered on wagons at bridge site. Upon delivery of each one hundred yards, the party of the first part agrees to pay the party of the second part at rate of $6.25 per cubic yard. Party of the second part agrees to use diligence in quarrying, cutting, and delivering said stone, and to have all of said stone delivered to bridge site not later than January 1st, 1898. Unavoidable delays,

bad weather, strikes, to be cause for additional time."
Plaintiff further alleges: "That a part of said contract was
oral, and that the oral part of said contract was as follows,
to wit: The plaintiff was to have said stone cut, dressed,
and measured in the quarry, and to give to the haulers a
ticket showing the number of yards or feet in each stone,
which was to be handed to the defendants or their employes
or agents when said stone was unloaded off the wagons at
the bridge; and, if any controversy arose as to the number
of feet or the quality of the stone, the same was to be deter-
mined before said stone was used in said bridge. That, as
a further part of said oral contract, the defendant agreed to
have their derrick put up at the bridge site ready for un-
loading said stone as early as November 5, 1897, for the
purpose of unloading said stone, and that, in violation of
said agreement, they failed to procure said derrick and have
it ready for unloading stone until on or about the 29th day
of November, 1897." That by reason of this failure plain-
tiff was damaged to the extent of $200. That plaintiff de-
livered 312 4-27 cubic yards of stone according to contract.
That said stone was received without objection. That de-
fendant paid $1,600 thereon, and there is a balance of
$350.92 due thereon. That plaintiff furnished a stonecutter
to work for the defendants to the value of $14.25. Plain-
tiff asks to recover $565.17. Defendants answered, admit-
ting the execution of the written contract, and denying that
there was any oral contract entered into. They admit that
they paid the $1,600, and allege that the amount was
$58.63 in excess of the amount due, and ask to recover that
amount. They deny that plaintiff furnished them with a
stonecutter, and deny the allegations as to failure to fur-
nish a derrick, and as to the damages caused thereby. De-
fendants, as a counterclaim, alleged that the stone furnished
was not according to contract in certain particulars speci-
fied, by reason of which defendants were compelled to incur
other expenses, to their damage in the sum of $88.95; that

the plaintiff failed to deliver the stone within the time agreed, whereby defendants were damaged $1,000. Defendants asked judgment for $1,147.58. Plaintiff replied, denying generally the allegations in the counterclaim. Verdict and judgment were rendered in favor of the plaintiff for $465.07. Defendants appeal.—*Affirmed.*

*John Newburn* and *Mackenzie & Dewey* for appellants.

*Chas. W. Kepler* for appellee.

Given, C. J.—I. Evidence offered by plaintiff tending to show the oral agreements alleged was admitted over defendants' objections, and of this they complain. "The rule is elementary that, where a contract is reduced to writing, the writing affords the only evidence of the terms and conditions of the contract. All antecedent and contemporaneous verbal agreements are merged in the written contract. The law will not allow that an agreement in such case may rest partly in writing and partly in parol, so that it is equally inadmissible to add to, take from, or specifically change the terms of the written agreement by parol." *Kelly v. Railway Co.,* 93 Iowa, 445. In *Murdy v. Skyles,* 101 Iowa, 555, we said: "It is well settled that a contract may rest partly in writing and partly in parol, and that in such cases extrinsic evidence is admissible to establish that part which is not in writing." We need not make further citations as to these familiar and well-established rules. Mr. Plattner, after denying the written contract, was permitted, over defendants' objection, to testify that at the time of making his written contract, and in the same talk, in the presence of the defendant Mr. Sheely and of the engineer, George Wyn, the following oral contract was made: That defendants would furnish a derrick within 10 days, and a man with it, to receive and unload the stone as they came to the bridge site, and that there should be a ticket, the same as a paymaster's ticket, with

each stone or load of stone, showing the size of it, to be given to the defendants. This, it will be observed, was not after, but "at the time of, the making of this written contract, and in the same talk;" and therefore it is insisted that it was inadmissible, under the rule announced in *Kelly v. Railway Co., supra.* There may seem to be an inconsistency between this and the rule announced in *Murdy v. Skyles, supra,* but not so when the reason for and the scope of the rules are considered. All antecedent or contemporaneous verbal agreements as to matters embraced in the written agreement are merged therein, and the writing is conclusively presumed to express fully the agreement of the parties as to such matters; and, as to them, parol proofs that would vary, contradict, add to, take from, or specifically change the terms of the written agreement are inadmissible. It does not follow from this rule that the parties may not before or at or after the making of the written agreement verbally agree as to matters not covered by the writing. In this writing the parties agreed as to about the number of yards of stone to be furnished; the use they were to be furnished for; that they were to be of such dimensions and quality as to fill the specifications, and to be satisfactory to the engineer; the time within which delivery was to be made; the price to be paid for stone cut and delivered on wagons at the bridge site; and the time of payments. As to these matters parol evidence is inadmissible, but not so as to verbal agreements not covered by the writing, and the question is in this, as in every case where both written and verbal agreements are relied upon, whether the alleged verbal agreements will vary, contradict, add to, take from, or change the written agreement. The verbal agreements alleged and permitted to be proven that the plaintiff was to measure the stone at the quarry, and give tickets showing the measurements to the teamsters for delivery to the defendants, and that any controversy as to quantity or quality was to be determined before the stone was used in the bridge,

and that defendants agreed to furnish a derrick for unloading as early as November 5, 1897. The written contract is silent on these subjects, and there is no evidence of custom as to when or how stone are measured or unloaded, that became a part of the written contract. Plaintiff was to deliver "on wagons at bridge," but the writing is silent as to how the unloading was to be done or measurements made. We think the alleged verbal agreements do not tend to vary, change, or modify a single word of the written agreement, and that they are not inconsistent therewith, and that both may be enforced; and therefore there was no error in admitting evidence to show the alleged verbal agreement.

II. Plaintiff claims, as an item of damage caused by the alleged delay in furnishing a derrick for unloading at the bridge site, that the stone prepared for delivery could not be delivered at the bridge site, and in consequence thereof they were accumulated in the quarry so as to prevent work therein, and that, to be ready to deliver the stone as agreed, plaintiff had to keep its regular force on pay and unemployed until the derrick was provided. The court admitted evidence in support of this claim, over the defendants' objection, and, after stating the claim to the jury instructed as follows: "If you find, by a preponderance of the evidence, that part of the oral contract was that defendant was to provide said derrick by the 5th day of November, and you further find that defendant did not provide said derrick until about the 29th day of November, and that thereby plaintiff was delayed in the work of getting out stone and delivering the same, to his damage, you will then find for plaintiff for such sum as damages on that account as the evidence shows plaintiff suffered." Appellants' counsel say: "Our contention is that the appellee should have complied with the contract on their part. They should, ten days after the execution, have begun the delivery of stone on wagons at the bridge site. If J. R. Sheely & Co. had failed or refused to receive them, then the Mt. Vernon Stone Com-

pany should have unloaded the stone themselves from the wagons, and the cost of unloading them would have constituted their measure of damage." Appellee, in an amendment and denial of appellants' abstract, says: "The appellee denies that the defendants excepted or objected to any of the instructions given to the jury at the time they were given or at any subsequent time." Appellants have failed to file any denial of appellee's amendment to abstract, or any transcript in support of their abstract, and therefore this denial must be taken as true; and it follows therefrom that we may not consider the objections now made to instructions. As the instructions, including the one quoted above, became the law of the case, there was no prejudicial error in admitting the evidence in support of the plaintiff's claim as to the damages caused by delay in furnishing the derrick.

III.   Defendants insist that the verdict was the result of passion and prejudice, and that the jury must have ignored the testimony offered by them. We have examined the evidence in the light of defendant's argument, and reach the conclusion that the complaint is not well founded. We will not discuss the evidence. It is sufficient to say that we think it supports the verdict. What we have said disposes of all questions properly before us for consideration, and leads to the conclusion that the judgment of the district court must be AFFIRMED.