(44 Misc. Rep. 305.)

YOUNG v. AMERICAN BANK. (No. 1.)

(Supreme Court, Special Term, New York County. July, 1904.)

1. NONNEGOTIABLE INSTRUMENT—ASSIGNMENT.

A certificate of deposit in favor of I. certified to a credit of $5,000: "This amount is left on deposit in this bank with the understanding that it is not to be withdrawn for two years counted from this date, in consideration of which we hereby agree to pay I. straight interest at the rate of seven per cent." *Held* that, as the instrument contained no promise to pay the deposit, it was a mere receipt, and could not be assigned by merely indorsing the paper, but the assignment must be made in the same manner as any other chose in action is assigned.

Action by John Young against the American Bank. Warrant of attachment vacated.

Alexander & Colby (John Quinn and Henry G. Wiley, of counsel), for the motion.

Hastings & Gleason, opposed.

GIEGERICH, J. A number of questions are discussed in the briefs, but only a single one need be considered, and that is whether a cause of action is set forth in the papers on which the attachment was procured. The allegations concerning the plaintiff's claim, as set forth in the affidavit, are as follows: That on or about the 1st day of February, 1902, the defendant, for value, made and delivered to the International Money Box Company its certificate of deposit (so-called) in the following form:

"Mexico.　　　　　　　　　　　　　　　　　　　　　　　$5,000.

"Certificate of deposit in favor of The International Money Box Company,

"Mexico, February 1, 1902.

"We hereby certify that we have on this date placed to the credit of the International Money Box Company of New York and Chicago the amount of $5,000 (five thousand dollars) United States currency. This amount is left on deposit in this bank with the understanding that it is not to be withdrawn for two years, counted from this date, in consideration of which we hereby agree to pay the International Money Box Company straight interest at the rate of 7% (seven per cent.) per annum.

"The American Bank, F. J. Dunkerly, Cashier.

"The American Bank, Ricardo Colin, Ass't Manager."

It is further alleged that prior to the maturity of said certificate the same was, for value, indorsed by the International Money Box Company, and thereafter was, for value,· transferred and delivered to the plaintiff, who is now the holder and owner thereof.  Furthermore, that at maturity the ·certificate was presented for payment, and payment demanded and refused, and that the certificate remains in the hands of the plaintiff wholly unpaid.  It is evident at a glance that the theory upon which the attachment was procured is that the so-called certificate is an instrument for the payment of money, which could be assigned by indorsement and delivery.  On the other .hand, on behalf of the defendant it is insisted that the paper is not a negotiable instrument with the well-recognized characteristics  of such instruments, but is a mere receipt containing no promise to pay whatever, quoting upon this point, among other authorities, Daniel on Negotiable Instruments, as follows:

"A simple certificate of deposit containing no words of promise to pay the amount is nothing more than a receipt, and could not be the basis of an action against the bank, nor would it be a transferable security;  *  *  *  the word 'certify' adding no additional force to the instrument as purporting a contract."  2 Daniel, Neg. Insts. (5th Ed.) § 1704.

In Hotchkiss v. Mosher, 48 N. Y. 478, in speaking of a paper quite similar in its character to the one in hand, the court said (page 482):

"The certificate was simply an acknowledgment of so much money deposited with the bank.  It was of the same force and effect as a receipt for money.  The word 'certify' adds no additional force to the instrument, as purporting a contract.  It contained no promise on the part of the defendants; and, if it had, the portion which operated as a receipt for money was quite as capable of separation from that part which evidenced a contract as in the case of a bill of lading.  A certificate or acknowledgment that another has deposited a sum of money has the effect of an acknowledgment by one party that he has received a sum of money from another.  A simple certificate like the one in question is not the basis of an action, like a promise in writing, but would be evidence, like a receipt, to raise an implied promise to pay in an action for money had and received.  We are of the opinion that parol evidence was admissible to explain the· certificate in the same manner as in the case of a receipt."

So, too, in the more recent case of First Nat. Bank v. Clark, 134 N. Y. 368, 32 N. E. 38, 17 L. R. A. 580, the same court, speaking of a paper in the following form:  "Deposited by Sliney & Whelan with Judson H. Clark, Banker, Scio, N. Y., December 5, 1882.  Discount, $3,412.50.  F. M. Babcock"—said (page 372, 134 N. Y., page 39, 32 N. E., 17 L. R. A. 580):

"The appellant calls it [the paper] a 'certificate of deposit,' but such designation is not accurate.  It is in fact ·what the witnesses for both plaintiff ·and defendant assert it to be, a deposit slip or deposit check.  The use of the deposit slip is well understood.  It constitutes an acknowledgment that the amount of money named therein has been received.  It is a receipt, and nothing more.  No-promise is made to pay the sum named on return of the paper.  Nor is it expected, either by the depositor or depositary, that it will ever be presented to the bank again unless a dispute should arise as to the amount of deposit, in which event it would become important as evidence. It is not intended to furnish evidence that there remains money in the bank to the credit of a depositor, but to furnish evidence as between depositor and depositary that on a given date there was deposited the sum named.  It may all, or nearly all, be checked out at the moment of making the deposit slip;

but the depositor will not be refused it on that account, for long-established usage has fixed its status in banking as a mere receipt, an acknowledgment that the depositor placed the amount named therein on deposit. It is not proof of liability, and it will not support an action against the bank. Hotchkiss v. Mosher, 48 N. Y. 482; 2 Daniel, Neg. Insts. § 1704. Should a suit be brought on the debt, however, it would furnish evidence as to time of deposit and amount, but it has no other use, unless it be to assist in the settlement of a dispute out of court. The delivery of the deposit slip, therefore, did not operate to assign the debt. There was no writing made or delivered to the plaintiff other than the check and deposit slip, both of which we have already considered."

Calling the paper before us a certificate of deposit does not alter its true character, or import into it the express promise to pay which is a characteristic of negotiable instruments, and which is a part of certificates of deposit properly so called. In volume 5 of the American and English Encyclopædia of Law (2d Ed.) at page 801, a certificate of deposit is defined as "a written acknowledgment by a bank or banker of the receipt of a sum of money on deposit, which the bank or banker promises to pay to the depositor, to bearer, to the order of the depositor, or to some other person or to his order." I am clearly of the opinion, therefore, that the papers on which the attachment was procured are fatally defective in failing to show any valid assignment of the claim in question. Such an assignment cannot be made merely by indorsing the paper, but would have to be made in the same manner as any other chose in action is assigned.

Motion granted, with $10 costs.