SOL POPOFSKY COMPANY, INC., Appellee, v. VIRGIL WEARMOUTH, Defendants; JASPER COUNTY SAVINGS BANK, Newton, Garnishee, Appellant.

No. 41789.

MAY 9, 1933.

Cross & Hamill, for appellant.

L. D. Cunningham and Henry Silwold, for appellee.

KINTZINGER, J.—On December 18, 1930, plaintiff commenced an action on account against the defendant Wearmouth, in which an attachment was issued and the Jasper County Savings Bank was garnished. Judgment was entered against the defendant and the garnishee for $14.40. The garnishee only appeals. The lower court certified an appeal.

The garnishee claims that any money owing to the defendant was not due.

In its answer the garnishee admitted that the bank owed the defendant Wearmouth $14.40 on a special savings account started and maintained under rules of his employment with the Maytag Company under which none of the money deposited could be withdrawn before April, 1934, without permission from the Maytag Company; that the defendant was an employee of the Maytag Company which started a savings account for and in defendant's name, subject to instructions given the bank that none of the funds deposited could be withdrawn before April 10, 1934, without permission of the Maytag Company, which had never been given.

In reply plaintiff alleges that the amount deposited is now due the defendant on an ordinary savings account deposited for defendant in garnishee bank.

The facts were stipulated as follows:

It was stipulated that the amount on deposit in defendant's account as shown by his passbook was $14.40 on the date of the garnishment; that at the time of the first deposit the garnishee bank issued defendant a passbook; that the garnishee did not change its rules or regulations with reference to savings account by amending the printed matter in defendant's "pass book"; that no new rules or regulations with reference to savings account and passbooks were adopted by the bank's board of directors, nor posted in the bank.

Subject to objections by the plaintiff that the same are incompetent, irrelevant, immaterial, violate the parol evidence rule, and are in contravention to the statutes of Iowa regulating savings banks, all the following facts were also stipulated:

That Exhibits B, C, and D are correct copies of bulletins posted on the bulletin boards in the office and shops of the Maytag Company on February 8, 1927, and March 4, 1927, respectively; that the garnishee bank was instructed by the Maytag Company not to pay any of said account prior to April 10, 1934, without its written permission, which was never given; that the money in said account belonged to defendant, who consented that it be withheld from his wages for deposit in accordance with the bulletins referred to.

It was also stipulated that the savings account book, Exhibit A, is similar to those issued to savings depositors generally, except for the words "Maytag Employee's Special" printed on the cover.

The Exhibits B, C, and D, offered subject to objection·referred to, were general bulletins issued by the Maytag Company and posted in their office and shops notifying its employees of a certain plan adopted by it, to place a small per cent of the wages due their workmen in the garnishee bank, to provide a savings account for its employees, and that their money so deposited could not be withdrawn for five years.

The printed matter in defendant's passbook showing the terms of the deposit are substantially as follows:

"Jasper County Savings Bank. No. 12142. In account with Virgil Wearmouth. Who accepts this book and makes all deposits subject to the by-laws of the Bank as herein printed and made a part of this deposit contract. No writing in this book except by an authorized officer or Teller of the Bank. The following rules shall govern all savings deposits, to-wit: Depositors will be given a pass book in which all deposits made by him shall be entered, and he shall write his name upon a signature card of this bank. By becoming a savings depositor of the bank he assents to its rules, regulations and by-laws. The pass book shall be the voucher of the depositor, and the possession of the pass book shall be sufficient authority of the bank to warrant any payment entered therein. No money will be received from or paid to any depositor

without presenting the pass book for entry of such deposit or withdrawal.

"The pass book must be left with the bank when the entire deposit is withdrawn.

"The bank's assent to the withdrawal of deposits, without notice, shall not be construed to be a waiver of its right to require written notice of any withdrawal as provided in section 1848 of the Code.

"These rules may be amended and new rules adopted at any regular meeting of the Board of Directors.

"Notice of changes in rules governing savings deposits will be posted in the office of the bank. For savings deposits not made in connection with a pass book, certificates will be issued bearing not more than four per cent, subject to the right of the bank to require notice, as provided in section 1848 of the Code of Iowa."

It is conceded that the bank's board of directors never amended its rules, never adopted new rules, and never posted notice of changes therein as required.

The plaintiff contends that under the rules and regulations of the bank, and under the laws applicable thereto, the money deposited belonged to the defendant Wearmouth at the time the garnishment proceedings were commenced, and that defendant was entitled to withdraw his deposit on demand, subject only to sixty days' notice if desired.

Plaintiff also contends that the garnishee bank could not change its liability to pay on demand, without the adoption of rules and regulations to the contrary by the bank's board of directors as provided in the rules contained in the defendant's passbook. Plaintiff contends that the rules, regulations, and by-laws therein set out constitute its contract of deposit with him which cannot be varied, altered, or changed by parol evidence; that to permit oral evidence changing the obligations of the bank to pay on demand without the authority of rules adopted by the board of directors would be contrary to law, and would vary, alter, and contradict the terms of the deposit contract, and be in violation of the parol evidence rule.

The lower court held that the deposit was due on demand.

The main controversy is whether or not the amount due the main defendant, Wearmouth, was payable on demand. If so, the judgment of the lower court must be affirmed. If the amount is not

payable until April, 1934, then the judgment of the lower court must be modified.

If this was an ordinary savings deposit account, it would be payable on demand, as provided by statute as follows:

"9177. Payment. The deposits so received shall be paid to such depositor or his representative, when requested, with such interest *and under such regulations as the board of directors shall,* from time to time, prescribe, not inconsistent with the provisions of this chapter." (Italics are ours.)

Code section 9178, provides as follows:

"Said regulations shall be printed and conspicuously exposed in the business office of the bank, in some place accessible and visible to all; and no alteration which may at any time be made in such rules and regulations shall affect the rights of depositors acquired previously thereto in respect to deposits or interest thereon."

The garnishee contends that, at the time the deposit was started, an oral agreement was made between the bank and the Maytag Company that the amount of the deposits would not be payable until the expiration of five years. This is conceded, but plaintiff claims that the admission of such evidence would violate the parol evidence rule because it would be an attempt to change, vary, and alter the terms of the contract of deposit set out in defendant's passbook, as to maturity of the account; that under the terms of the contract as so expressed the money was due on request.

It is conceded in this case that, subject to objection under the parol evidence rule, the contract for the deposit was made with the oral agreement and understanding that the money was not to be paid until the expiration of five years after its deposit. It is also conceded that there appeared upon the passbook in print the words "Maytag Employee's Special Savings Account".

The sole question is whether or not the oral agreement providing for the payment of the deposit at the end of five years was admissible, notwithstanding the parol evidence rule.

It is the settled law that, "in the absence of a statutory prohibition to the contrary, a bank deposit may be subject to any agreement which the depositor and the banker may make with respect to it, so long as the rights of third parties are not injuriously affected." 7 C. J. 642, section 327.

This rule has been approved by our supreme court in the case of Murray v. First Trust & Savings Bank, 201 Iowa 1325, loc. cit. 1332, 207 N. W. 781; Lamb v. Morris (Harrison v. Harrison), 118 Ind. 179, 20 N. E. 746, 4 L. R. A. 111; Shopert v. Indiana National Bank, 41 Ind. App. 474, 83 N. E. 515.

There is nothing in our statutes prohibiting an agreement by the bank making the deposit payable in the future.

There are two reasons why the parol evidence offered was admissible in this case:

(1) Because the entire contract was not contained in the pass-book.

There is a well-known rule of law, as well settled as the parol evidence rule, to the effect that, where the entire agreement is not fully expressed in the writing, and where part of the agreement is oral and part in writing, parol evidence may be introduced to show the entire contract. The entire agreement between the depositor and the bank in this case was that the deposit would not be paid before the expiration of five years. The amount of the deposit was expressed in writing and evidenced by the passbook, that part of the agreement as to the time of payment was oral, and not included in the passbook. A contract may be partly in writing and partly in parol. If the parol part concerns a matter not covered by the writing, then, the written and parol parts being harmonious, the parol part may be shown along with the written.

"Where a written instrument executed pursuant to a verbal agreement does not express the entire agreement or understanding of the parties, the parol evidence rule does not apply to prevent the introduction of extrinsic oral evidence of the matters not provided for in the writing." 22 C. J. 1283.

1 Greenleaf on Ev. (15th Ed.) 284; 5 Wigmore on Ev. (2d Ed.) 2430; Mt. Vernon Stone Company v. Sheely, 114 Iowa 313, 86 N. W. 301; Stoner v. Stehm, 200 Iowa 809, 202 N. W. 530; Sutton v. Griebel, 118 Iowa 78, 91 N. W. 825; Horner v. Maxwell, 171 Iowa 660, 153 N. W. 331; In re Estate of Olson, 206 Iowa 706, 219 N. W. 401; State v. Corning State Savings Bank, 136 Iowa 79, 113 N. W. 500, 501.

In the case of State v. Corning State Savings Bank it was held that parol evidence was admissible to show that in fact the transac-

tion resulting in the issuance of a bank certificate of deposit was a loan. In this case the court says:

"One of these incidental questions is this: May the receiver show that, although certificates of deposit were issued by the savings bank, the transaction was, in fact, a loan? Intervener contends that this may not be done, for the reason that the contract is in writing, and that parol evidence is inadmissible to show the nature of the transaction. There is no merit in this contention. The issuance of a certificate of deposit does not of and in itself indicate the true nature of the transaction. Such an instrument may be given, although a loan was intended, and parol evidence is admissible to show the true nature of the transaction. Estate of Law, 144 Pa. 499, 22 A. 831, 14 L. R. A. 103; Hotchkiss v. Mosher, 48 N. Y. 478; First [Nat.] Bank v. Myers, 83 Ill. 507. A certificate of deposit is for many purposes treated as a promissory note, and parol evidence to show that it was given as evidence of a loan is admissible."

The true nature and character of the transaction between the depositor and the bank in this case plainly shows that the deposit was intended as a time deposit and was not payable within five years after the date of the deposit. The passbook itself merely evidences the amount and date of the deposit made.

The passbook in this case contains no reference or agreement on the part of bank as to when the deposit was payable. In the absence of any contrary agreement, such a deposit would naturally be payable on demand under the statute. There is nothing, however, in our statute which prohibits an agreement as to the time of payment. Such an agreement, therefore, can be made by parol. We believe oral evidence is admissible showing the entire contract. Under this branch of the case, it is our holding that the oral evidence does not tend to change, vary, or alter the effect of the written agreement claimed to be expressed in the passbook.

■ (2) If it be considered that the passbook contained the contract, it is also our belief that such a contract was ambiguous. This ambiguity is shown by the written words "Maytag Employee's Special Savings Account" printed in large type on the face of the passbook. One of the exceptions to the parol evidence rule is, where the writing is ambiguous, the ambiguity may be explained by parol.

■ Under Code section 12172 execution under this judgment should be suspended until the maturity of this deposit.

For the reasons herein above set out, it is the finding of this court that the defendant bank was indebted to the depositor, but that the debt was not due and payable until five years after the date of the deposit. The ruling of the lower court is therefore modified and reversed.

KINDIG, C. J., and ANDERSON, STEVENS, and ALBERT, JJ., concur.