WILHELM FISHER, Appellee, v. J. C. NICOLA, Appellant.

No. 40952.

MARCH 8, 1932.

REHEARING DENIED JUNE 24, 1932.

Wallace & Claypool and Jas. P. Gaffney, for appellee.

L. J. Kehoe and E. C. Eicher, for appellant.

EVANS, J.—The oral contract sued on was an adjunct to a written contract under which the parties were already operating. The written contract was entered into November 1, 1921. That contract was denominated by its terms a partnership, and it has been so denominated throughout this record. It was not a partnership in a legal sense, and we shall refrain from calling it such, though it did have some of the incidents of a partnership.

The defendant was the owner of a farm of 170 acres. The plaintiff was a farm renter. The parties entered into a con-

tract for the operation of such farm for a five-year term. The principal contribution of the defendant to the enterprise was to furnish the farm. The farm was to be stocked with live stock jointly owned by both parties. The products of the farm were to be devoted to the development of the live stock. The contribution of plaintiff to the enterprise was that he was to occupy the farm and was to farm it, and to care for all the live stock kept thereon, all of which he was to do in a good and workman-like manner. All the proceeds of the farm, whether from products or from sale of live stock, were to be divided equally between the parties. Such was the compensation to be received by the defendant for the use or rental of his farm; and such was to be the compensation of the plaintiff for all his labor in the production of crops and for the care and management of the jointly owned stock thereon.

Such was the relation of the parties up to the spring of 1925 when the oral contract now sued on was superimposed upon the written one.

It appears that the farm was somewhat overstocked, as compared with the quantity of farm products produced, and it became occasionally necessary to purchase feed for the stock. The cost of the feed so purchased was shared equally by the two parties. An opportunity was presented to rent the Purdy farm. This was an unimproved 160 acres of ground located so near to the defendant's farm that it could be operated in connection therewith. In a conference between the two parties herein, they determined to undertake it. The rent demanded by Purdy was cheap. The plaintiff had two boys in their teens. They had become old enough to enable them to render substantial help to their father. He was therefore willing to undertake the enlarged enterprise thus proposed. The dispute between the parties is as to what the agreement and understanding was between themselves as to their mutual rights and obligations in reference to such rented tract. The plaintiff testified that the defendant agreed to pay the rent and put the rented farm into the enterprise on the same terms as now existed in reference to his farm. This, the defendant denies; but he has not stated his version of the conference actually had between him and the plaintiff. He does show that both parties signed the lease and the notes. He claims this fact to be contradictory to the testi-

mony and contention of the plaintiff. It appears that the defendant acted as the cashier of the enterprise and that he took the proceeds of sales and paid out the disbursements and kept the account. He paid each year's rent on the Purdy farm (five in number) and charged the same against the joint funds. The plaintiff challenged his right to charge the same against the joint funds. By a written agreement between them, this dispute was segregated from the rest of the joint business without prejudice to either party, and a full settlement between the parties was otherwise had. This suit is brought for the purpose of adjudicating such dispute.

As will be seen, the dispute presented is essentially one of fact. After verdict and judgment, the defendant filed a motion for a new trial upon grounds which are also presented here as grounds of reversal.

■ I. It is strenuously urged by the appellant that the alleged oral contract, as testified to by the plaintiff, is wholly void as lacking in consideration. The argument is that if the defendant agreed to pay all of the rent and the plaintiff to pay none of it, then the contract was one-sided and without any consideration moving to the defendant. We think the contention is quite untenable. Such a contract would be supported by the same kind and quality of consideration as that which supported the original contract already in existence between the parties. As to the existing written contract, the consideration to the defendant was one-half the net product of the farm. The consideration which he contributed was the use and possession of his 170-acre farm. The consideration contributed by the plaintiff in the existing written contract was the labor devoted by him to the management of the farm and its live stock. Under the oral contract, as testified to by the plaintiff, the additional consideration to be contributed by the defendant was the use of the Purdy farm. The consideration to be received by the defendant was the increased product of the enlarged enterprise. Three hundred thirty acres would presumably produce a larger product than 170 acres. The consideration contributed by the plaintiff under the alleged oral contract was the increased labor and cost which would devolve upon him to farm and manage the increased acreage. True he deemed it to his interest to enlarge the enterprise because of the opportunity afforded to

utilize the service of his boys. Nevertheless he did assume a larger obligation when he undertook to farm 330 acres in lieu of 170 acres and to turn the product thereof to the joint benefit of both parties. From the plaintiff's point of view the payment of one-half of the net products of the farm was the payment of the full rental for the farm; and this would be so whether the farm consisted of 170 acres or 330 acres. Concededly he paid no additional cash rental for the 170-acre farm. If he undertook to include in the enterprise an additional 160 acres, on the same terms as applied to the 170-acre farm, why was not the consideration in one case as adequate as that in the other?

It is strenuously urged by the appellant that by the existing written contract, the plaintiff had previously sold all his time and labor and all the time and labor of his family to the joint enterprise, and that therefore he could not use such labor and time as a consideration for a new contract. We find nothing in the written contract that justifies the argument. The plaintiff did not purport to sell his time or to devote all his labor or the labor of his family. He did undertake to do all the labor necessary to the enterprise and to do it well. That obligation rested upon him regardless of whether he could do such labor personally, or whether he must employ assistance. He bound himself to the result. He was not disabled thereby from binding himself to still larger results or from undertaking a still larger enterprise.

What we hold at this point is not that the contract claimed by him was reasonable or unreasonable, but that it was not lacking in consideration in a legal sense.

II. It is next urged by the appellant that the oral contract, as testified to by the plaintiff, was contradictory to the writings between the parties and for that reason was wholly incompetent. In support of this contention, it is said that both parties signed the lease of the Purdy farm and both signed the rent notes. These are the writings which are said to be contradicted by the testimony. These writings are not in issue. They are not in the record in any other sense than that they are referred to by the defendant in his oral evidence. They are likewise referred to in the evidence of the plaintiff. The parol evidence rule is not involved. The fact that the lease and notes

were signed by both parties was a circumstance proper to be considered in support of the contention of the defendant. The circumstance was subject to explanation. The plaintiff offered an explanation, which went to the jury for what it was worth.

We have given a careful reading to the record. The law involved in the case is quite elementary and leaves little room for debate. The fighting issue is one of fact. The evidence discloses substantial corroboration to the contention of the defendant. That is the most that can be said in support of the appeal. The evidence was not such as to entitle him to a directed verdict. We do not overlook that the defendant complains of the instructions to the jury. We find nothing vulnerable in them. Nor did the appellant take or file exceptions to the instructions in the manner required by Section 11495. We find no reversible error in the record.

The judgment below is accordingly—Affirmed.

WAGNER, C. J., and KINDIG, MORLING, and GRIMM, JJ., concur.