LEO D. GORDON, appellee, v. OWEN WITTHAUER et ux., appellants.

No. 51835.

(Reported in 138 N.W.2d 918)

618

DECEMBER 14, 1965.
REHEARING DENIED FEBRUARY 8, 1966.

Kenneth Sacks, of Council Bluffs, for appellants.

Matt Walsh, of Council Bluffs, for appellee.

THORNTON, J.—Plaintiff, a tenant, brought this action against defendants, his landlords, for damages for breach of an express warranty that the landlords would install adequate heating and air conditioning equipment. The case was submitted to the jury on this theory and from an adverse verdict and judgment defendants appeal.

Defendants contend it was error to overrule their motion for judgment notwithstanding the verdict because the plaintiff's case was based on parol evidence which contradicted, varied or enlarged the written lease between the parties.

Plaintiff and defendants entered into a written lease dated August 31, 1962, for a term commencing October 1, 1962, to extend to October 1, 1967, for premises on which were located two connecting buildings to be used for cafe and taproom only for a monthly rental of $400. The lease placed no burden upon the landlords other than to deliver possession of the premises, and typed in at the bottom of the form lease was the following, "Lessors agree to connect two walk-in coolers, air conditioner and furnace." There were 18 numbered paragraphs of various agreements on the part of plaintiff including, " That lessee has examined said premises and accepts same in present condition."

Plaintiff testified he paid the first month's rent August 24 before the lease was signed and while the buildings were under construction, that defendant husband orally told him the air conditioning and furnace, a single unit, would be adequate for the premises, and that the unit cost $5000 when in fact it cost $1200, and he would not have signed the lease if it had not been so represented or warranted to him. There was ample evidence to sustain a finding the air conditioning and heating were inadequate. The record shows without dispute the reason for including the provision requiring lessors to connect the unit was because at that time it had not been connected.

The lessors' testimony shows they in fact installed two space heaters in the taproom, one in October 1962, another in December 1963, reductive work in connection with the furnace, a blower motor and return air drop in May 1963, and a three-ton air con-

ditioner in the taproom in June of 1963. The evidence was such as to sustain a finding such work was performed by the lessors pursuant to complaints by the lessee.

Plaintiff originally filed his petition in August 1963. Pursuant to court order his recast petition was filed September 15, 1964, in Count I thereof he alleged defendant Owen Witthauer falsely and fraudulently represented the unit was adequate and as a result he was induced to sign the lease. At the close of his evidence he amended his petition by adding Count III wherein he alleged that prior to the execution of said lease and collateral with its execution the defendant Owen Witthauer "expressly covenanted, agreed and/or warranted that he would install adequate heating and air-conditioning equipment" and, "That plaintiff in reliance on these statements was induced to sign the lease at a rental of $400 a month." As stated, this was the only theory submitted. The instructions required plaintiff to prove defendant expressly agreed to install adequate heating and air conditioning, that plaintiff relied thereon, the unit was not adequate, and damages.

Defendants' sole contention is the oral evidence is not admissible under the parol-evidence rule.

██ ██ The parol-evidence rule is one of substantive law, in the absence of fraud, accident, mistake or ambiguity parol evidence is not admissible to contradict, vary or enlarge the terms of a written contract. The reason for the rule is that the parties have made their agreement, of which the written contract is evidence, and to permit additions or variances would be to change the terms of their agreement. Fidelity Savings Bank v. Wormhoudt Lumber Company of Ottumwa, 251 Iowa 1121, 1126, 104 N.W.2d 462, and citations.

Simply, it is to prevent fraud and prevent contracting parties from being charged with agreements not in fact made.

██ In support of the trial court plaintiff urges the lease was ambiguous. We do not find it to be so. Plaintiff's contention is the lease is ambiguous as to the type of equipment to be installed and what portions of the premises were to be heated and air conditioned. All defendants were required to do by the written lease was to connect the unit. It could not refer to any unit

other than the one actually in the buildings. This is not of uncertain meaning.

■ An examination of our lease cases, wherein oral evidence was offered to show a collateral agreement, shows where the parol evidence is of an agreement which did not vary or affect any of the terms of the written lease, but was beyond and independent of it, it was admissible. Witthauer v. Wheeler, 172 Iowa 225, 231, 150 N.W. 46, 154 N.W. 423. In that case plaintiff leased from defendant, in writing, for two years a 2400-acre ranch only 200 acres of which were tillable as a farm and stock ranch. The crop rent was fixed in the writing but no mention was made as to any agreement between the parties jointly conducting the business of stock raising, the parties to share equally in the increase of said stock. A similar case is Armstrong v. Cavanagh, 183 Iowa 140, 166 N.W. 673, 25 A. L. R. 784, wherein there was a written lease of an apartment and a separate independent oral lease of a garage for a separate consideration. Similar cases are Miller Hotel Co. v. Gorman, 194 Iowa 751, 190 N.W. 524; Stoner v. Stehm, 200 Iowa 809, 202 N.W. 530; and Fisher v. Nicola, 214 Iowa 801, 241 N.W. 478.

Plaintiff in support of the trial court relies on Banwart v. Shullenburg, 190 Iowa 418, 180 N.W. 190. In Banwart this court held the parol evidence inadmissible. Such evidence obligated the lessor to tile and drain 80 acres, to complete new improvements, and add to those already upon the premises for the same consideration as expressed in the written contract. To the same effect is Jones v. Sargent, 193 Iowa 1256, 188 N.W. 818. At pages 422, 423 of 190 Iowa, page 192 of 180 N.W., Banwart does contain this statement:

■ "Evidence of collateral oral agreements, relating to matters not covered by the written agreements or collateral to the writing, and serving as an inducement for the execution thereof, is admissible. It is also permissible to show that by reason of a collateral parol agreement there was a want or failure of consideration for a written contract; that the delivery of a written instrument, absolute in its terms, was conditional upon a collateral parol agreement providing a contingency upon which it was to become effective; and that a written contract has been

discharged in accordance with the terms of a collateral oral agreement differing from those contained in the written instrument." Citing Sutton v. Griebel, 118 Iowa 78, 91 N.W. 825.

Plaintiff here does not contend the writing was conditional or discharged, his contention is the oral agreement of defendants was an inducement which he relied on. In In re Estate of Simplot, 215 Iowa 578, 246 N.W. 396, cited by defendants, we point out the limitation on the parol evidence that may be shown as an inducement. See classification at pages 581, 582 of 215 Iowa, page 398 of 246 N.W. Number three there listed pertains to parol evidence of a separate oral agreement resting on separate consideration as in the lease cases above cited. And number five pertains to contracts partly oral and partly written. Simplot holds the so-called "exceptions" there classified are exclusive. At least we have applied no others.

However, we find another exception has been applied. In Wise v. Quina, Fla., 174 So.2d 590, 597, the District Court of Appeal of Florida applied the following, "A written contract or agreement may be altered or modified by an oral agreement if the latter has been accepted and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it.", on behalf of grantees named in deeds to certain lots in a subdivision wherein the oral inducement for the sale was that a certain lot fronting on a lagoon was to be devoted in perpetuity to the use of the purchasers of the residential lots as a beach area, a recreation ground and as access to the lagoon. The Supreme Court of Florida applied this exception in Moses v. Woodward, 109 Fla. 348, 140 So. 651, 141 So. 117, 147 So. 690, holding a novation, the extension of the maturity of a note and mortgage may be shown by parol where acted upon by the parties.

This exception should be limited to such parol agreements inducing execution of a contract as are acted upon by the party to be charged. The acts must be such as can be found as a fact are referable to the parol agreement. Thus applied this exception does not do violence to the parol-evidence rule as the party to be charged will only be required to perform such parol agreements as he has recognized as binding upon him by his

conduct. Because of this exception we do not think defendants are entitled to a directed verdict in the interest of justice, rule 349, Rules of Civil Procedure; they are, however, entitled to a new trial of the entire case.

The instruction above set out is the only one shown in the record, it does not require the jury to find the acts of defendants are referable to the oral agreement. The instruction is correct as far as it goes but the jury should be required to find in addition thereto that the acts claimed to be performed by defendants were in fact performed in compliance with the claimed oral agreement. The facts now in this record are sufficient to sustain a jury finding. The defendants are entitled to introduce any evidence they may have in contradiction or explanation.

The case is reversed and remanded for a new trial.—Reversed and remanded.

All JUSTICES concur.