Howard E. JOHNSON, Appellant,

v.

Loren WARD, Appellee.

Nos. 59527, 60578.

Supreme Court of Iowa.

May 17, 1978.

Smith & Kennedy, Waterloo, for appellant.

Swisher & Cohrt, Waterloo, for appellee.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, REES, and HARRIS, JJ.

LeGRAND, Justice.

We consider here two consolidated cases seeking relief for alleged violation of contract rights. In each case the trial court sustained defendant's motion to dismiss. We reverse and remand on one, and affirm on the other.

The decisive question is whether the petitions were properly dismissed because of the provision of the statute of frauds which prohibits evidence of an oral contract not to be performed within one year. *See* § 622.-32(4), The Code, 1973.

I. *The First Case.*

■ Plaintiff's petition alleges an oral contract to form and operate a partnership dealing in dental supplies and related products. The terms of the contract are made part of the petition by way of an exhibit, an instrument which appears to have been prepared for eventual signing but was never executed. Plaintiff prayed for a dissolution of the partnership, an accounting, and distribution of partnership assets.

Defendant moved to dismiss the petition under Rule 104(b), Rules of Civil Procedure, on several grounds. The only ground considered or ruled on was that the contract violated § 622.32(4) because it was not in writing and "was not performed within one year." Plaintiff appealed from this order.

The petition describes a plan by which defendant was to be owner-manager of a branch dental supply business in partnership with plaintiff under an elaborate arrangement for the promotion and sale of dental supplies within a designated territory. There are provisions for financing, payment of expenses, and a division of profits. Other similar branches were operated by plaintiff and other persons in various cities. One clause permits termination of the relationship upon default by defendant, withdrawal by defendant after notice, shutdown of all branches operated by plaintiff and other persons, or death of defendant.

The above contingencies clearly made the contract one which could be performed within a year under our prior holdings. *See Shearon v. Boise Cascade Corp.*, 478 F.2d 1111, 1114–15 (8th Cir. 1973); *Stauter v. Walnut Grove Products*, 188 N.W.2d 305, 313 (Iowa 1971) and citations. In considering statute of fraud defenses, we do not demand that an oral contract must actually be performed within a year. We hold, rather, such a contract must be *impossible* of performance within that time if it is to come within the proscription of the statute. The trial court was wrong in holding otherwise. Because there is some question whether plaintiff waived this by conceding in his brief his contract was within the statute, we move on to additional reasons the trial court was wrong.

■ Although some authorities are critical of the doctrine, we have consistently held the statute of frauds is simply a rule of evidence. It governs, not the validity of a

contract, but only the manner in which one may be proven. *Stauter v. Walnut Grove Products*, 188 N.W.2d at 313; *Davis v. Davis*, 261 Iowa 992, 1003, 156 N.W.2d 870, 877 (1968); *In re Estate of Lindsey*, 254 Iowa 699, 710–11, 118 N.W.2d 598, 605 (1962).

Accepting this as controlling, we face the question—not raised by the parties or the trial court—as to how the statute should be asserted. Formerly, it was permissible to do so by demurrer, but that was because the statute then applicable so provided. *See* § 11141, The Code, 1939. Demurrers were abolished in 1943 by the adoption of Rule 67, Rules of Civil Procedure. The function of the old demurrer was taken over by the motion to dismiss under rule 104(b). *Bales v. Iowa State Highway Commission*, 249 Iowa 57, 62, 86 N.W.2d 244, 247 (1957).

However, rule 104(b) does not set out the specific grounds upon which a motion to dismiss shall be granted. It provides only the following:

"Every defense in law or fact to any pleading must be asserted in the pleading responsive thereto, if one is required, or if none is required, then at the trial, except that:

(a) * * *

(b) Failure to state a claim on which any relief can be granted, may be raised by motion to dismiss such claim, filed before answer.

(c) * * *

(d) * * * ."

■ We now hold the statute of frauds is a defense to be raised by answer or by proper objection to evidence at trial and not by motion to dismiss. The present case points up the sound reason for such a rule. Even if we were to concede that this contract is within the statute, it is by no means certain plaintiff could not prove his case by calling upon §§ 622.34 or 622.35 to support his cause.

Under § 622.34, the statute does not operate at all until the defendant denies the existence of the contract in his answer. That section contains this provision:

"The above regulations [concerning evidence to establish an oral contract], relating merely to the proof of contracts, shall not prevent the enforcement of those not denied in the pleadings * * * ."

*See Manchester v. Loomis*, 191 Iowa 554, 563–64, 181 N.W. 415, 419 (1921).

Plaintiff might also have established the alleged contract under § 622.35, which has this provision:

"The oral evidence of the maker against whom the unwritten contract is sought to be enforced shall be competent to establish the same."

Thus defendant himself could provide the evidence to establish an otherwise unenforceable contract. *Manchester v. Loomis*, 191 Iowa at 564, 181 N.W. at 419; *Quaker Oats v. Kidman*, 189 Iowa 906, 907–08, 179 N.W. 128, 129 (1920).

■ Defendant asserted one additional ground for dismissal which the trial court found it unnecessary to rule on. He claims plaintiff is not the real party in interest and is therefore not permitted to maintain this action. *See* rule 2, Rules of Civil Procedure.

Defendant's argument is based on the fact the exhibit attached to the petition does not designate plaintiff as a party to the proposed agreement; but this does not foreclose the possibility that the actual contract entered into was between plaintiff and defendant. In fact the exhibit itself strongly suggests plaintiff was to be one of the contracting parties. This is what the petition recites, and for present purposes we accept this allegation as true. *Harryman v. Hayles*, 257 N.W.2d 631, 633 (Iowa 1977); *Bailey v. Iowa Beef Processors, Inc.*, 213 N.W.2d 642, 647 (Iowa 1973), *cert. denied* 419 U.S. 830, 95 S.Ct. 52, 42 L.Ed.2d 55 (1974).

Although evidence may later refute plaintiff's claim, we cannot now say plaintiff has no rights under the alleged oral contract to make him a proper party plaintiff.

For the reasons stated, we reverse the order sustaining defendant's motion to dis-

miss and remand the case for further appropriate proceedings.

## II. *The Second Case.*

The second case comes here under peculiar circumstances requiring some explanation.

While plaintiff's appeal from the dismissal of his original petition as described in Division I was pending, he started a new action. It appears this was to enforce the same rights arising out of the same contract against the same defendant as had been the subject of the first suit.

 Defendant again moved to dismiss for the same reasons he had urged in the first case, adding the additional ground of res judicata because of the previous dismissal order. Res judicata is an affirmative defense which should not be raised by a motion to dismiss unless the nature of the prior adjudication appears on the face of the petition or arises from matters of which the court may take judicial notice. *Bickford v. American Interinsurance Exchange*, 224 N.W.2d 450, 453–54 (Iowa 1974). We believe this is such a case. The trial court could take judicial notice of the petitions in the pending cases, from which it is indisputable that they present identical causes of action against the defendant.

Under such circumstances the ruling in the original case is res judicata of the issues there decided while that ruling is on appeal. *See In re Estate of Lee*, 240 Iowa 691, 697, 37 N.W.2d 296, 299 (1949); *Shaw v. Addison*, 236 Iowa 720, 727, 18 N.W.2d 796, 800 (1945); 50 C.J.S. *Judgments* § 623 (1947).

The order dismissing the second petition is affirmed, although not for the reasons given by the trial court.

III. This appeal has presented more difficulty than it should because of the way in which it has been presented. Plaintiff relies here on matters not raised by him in his resistance to the motion to dismiss, not considered by the trial court, and not given as a ground for the trial court's order. Furthermore, he has apparently abandoned here the issue which was raised in his resistance. Defendant, on the other hand, has filed no brief and has taken no part in this appeal. We have accordingly been left on our own to sort out and decide the real issues involved in this matter.

REVERSED AND REMANDED ON THE FIRST APPEAL; AFFIRMED ON THE SECOND APPEAL.