Jeanne B. GARLAND, Appellant,

v.

Monroe D. BRANSTAD, Appellee.

No. 00–0301.

Supreme Court of Iowa.

July 17, 2002.

Louis R. Hockenberg and Matthew D. Gardner of Sullivan & Ward, P.C., Des Moines, for appellant.

Herman P. Folkers of Folkers & Keen, Mason City, Richard P. Schwarm, Lake Mills, and Steven P. Wandro of Wandro, Lyons, Wagner & Baer, P.C., Des Moines, for appellee.

NEUMAN, Justice.

This is an appeal from the district court's dismissal of an equitable action to enforce a promissory note and foreclose the real estate mortgage that secures it. We transferred the case to the court of appeals. That court, in a split decision, decided the district court improperly considered evidence of an alleged oral contract that modified the note's interest repayment provisions in exchange for commercial property management duties assumed by the promisee. We granted the defendant's petition for further review and now vacate the court of appeals decision and affirm the judgment of the district court.

## I. Background Facts and Proceedings.

Monroe "Monte" Branstad borrowed $100,000 from his maternal aunt, Jeanne Garland, to purchase farmland located in

Hancock County, Iowa. The farm had been owned by Garland's estranged husband, Ron Meyer, in partnership with Branstad. Upon her separation from her husband, Garland—who lived in California—was eager to end all family ties with Meyer and agreed to lend Branstad the cash to buy out her former husband's interest in the real estate.

Branstad executed a promissory note in Garland's favor dated November 1, 1990, for the principal sum plus interest at nine per cent per annum. The note contained the following repayment provisions:

> Accrued interest only on or before January 1, 1992. All subsequent payments of principal and interest to be made on or before January 1 of each succeeding year, with the remaining principal balance and accumulated interest due in full on or before January 1, 2010. Lender and Borrower shall agree on or before January 1, 1992, as to the amount of principal to be repaid annually. However, in no event shall this sum exceed $5,000.00 of principal per year.

Branstad also executed a mortgage pledging the real estate as security for the note.

From March 1993 through June 1997, Branstad made eight principal payments on the note totaling $33,000. On May 6, 1998, Garland served a notice of right to cure defaults, demanding the immediate payment of $43,998.56 in interest due. Branstad denied owing the amount claimed and made no further payments. After obtaining a mandatory mediation release upon Branstad's decision not to participate in farmer/creditor mediation, Garland filed a petition in equity to recover sums due on the note and to foreclose the real estate mortgage. Branstad denied any interest was owing prior to the notice to cure. He asserted, by way of affirmative defense, that he and Garland—"contemporaneous with the execution of the note"—had entered into an agreement whereby Garland waived annual interest payments in return for Branstad's services in managing her other real estate interests.

The matter proceeded to trial. Over the objection of Garland's counsel, Branstad testified that, after the note was signed, he had a telephone conversation with Garland in which she offered to waive the annual interest on the note in exchange for his performance of management and maintenance duties on rental properties she owned in Forest City. Branstad's wife, who was also in on the conversation, confirmed the oral agreement that resulted and testified that thereafter she advertised Garland's apartments for rent, collected rent from tenants, kept the properties in repair and performed various other tasks on Garland's behalf.

Branstad tendered documentary evidence supporting his claim that, in lieu of making interest payments on the note, he performed labor and paid expenses in connection with managing the apartments and another commercial building owned by Garland. Those services ended, he admitted, when Garland served the notice to cure default in early May 1998. Garland, meanwhile, denied the existence of any agreements, oral or written, changing the terms of the note and mortgage executed by Branstad. She also denied that she ever authorized Branstad to manage or otherwise take charge of her Forest City properties.

The district court plainly believed Branstad's version of the facts in question. Preliminarily it decided that the parol evidence rule did not preclude Branstad from offering evidence that he and Garland entered into a separate agreement regarding waiver of interest after the promissory note was executed. The court's decision rested on the premise that the parol evi-

dence rule applies only to prior and contemporaneous matters, not subsequent negotiations that allegedly modify a written contract.

As for the merits of the controversy, the court found the evidence supported Branstad's claim that his payments over the years were treated as principal payments, not interest. The court credited Branstad's testimony that Garland advised him not to report the payments as interest because she did not intend to include them as income on her tax returns. Branstad did not deduct them on his. The court was also convinced by a preponderance of credible evidence that the parties' agreement on interest was supported by proof that Branstad and his family did in fact manage Garland's commercial properties, including paying for routine maintenance and repairs. That agreement lasted until the relationship soured, the particulars of which were not made part of the record. Although the precise date of their falling out was not entirely clear, the court concluded Branstad owed Garland interest on the note beginning January 1, 1998. It also ruled that because Garland's notice to cure demanded interest from November 1, 1990, it was substantially inaccurate and could not serve as the predicate to the foreclosure action.[1] The court therefore dismissed the suit. This appeal by Garland followed.

## II. Scope of Review.

■ Our review of this case, tried in equity, is de novo. Iowa R.App. P. 6.4; *Ralfs v. Mowry,* 586 N.W.2d 369, 371 (Iowa 1998). We give weight to the findings of the trial court, particularly with regard to the credibility of witnesses, but we are not bound by them. *Chapman's Golf Ctr. v. Chapman,* 524 N.W.2d 422, 424 (Iowa 1994). To the extent the parties challenge the court's rulings on the admissibility of evidence, we review for the correction of errors at law.

## III. Issues on Appeal.

■ The principal question on appeal is whether the district court properly admitted and relied on Branstad's proof that the note's interest provisions were modified by a subsequent agreement reached by Garland and him. Resolution of the controversy turns on application of the parol evidence rule. The rule generally "forbids the use of extrinsic evidence to vary, add to, or subtract from a written agreement." *Montgomery Props. Corp. v. Econ. Forms Corp.,* 305 N.W.2d 470, 476 (Iowa 1981). But the bar applies only to negotiations or agreements that are prior to or contemporaneous with the writing. Restatement (Second) of Contracts § 215, at 136 (1981). The district court found the rule inapplicable here because parol evidence is admissible to prove the existence of an independent oral contract. *See Seastrom v. Farm Bureau Mut. Life Ins. Co.,* 601 N.W.2d 339, 345 (Iowa 1999). It likewise rejected Garland's argument that the statute of frauds would apply to prevent the admissibility of the evidence.

Garland challenges the district court's ruling on three grounds: (1) it failed to bind Branstad by averments made in his answer; (2) it improperly considered evidence that should have been excluded under the parol evidence rule; and (3) it improperly applied the "partial-performance" exception to the statute of frauds. We shall consider the arguments in turn.

---

1. In making this ruling, the court relied on Iowa Code section 537.5111(1) of the consumer credit code, instead of section 654.2B relating to the foreclosure of real estate mortgages. As will be explained further, our affirmance of the district court's dismissal of the action on the merits makes it unnecessary for us to correct its error on the notice question.

**A. Branstad's alleged "admission."**
Although the district court found that Branstad and Garland reached their side agreement about interest sometime after the note and mortgage were executed, Branstad's answer stated the agreement was reached "contemporaneous" with the note's execution. At trial Branstad insisted "contemporaneous" was his lawyer's word, not his. He claimed that while he and Garland had earlier discussed the management-in-exchange-for-interest possibility, an agreement on the subject was not reached until the phone conversation following execution of the note. Garland argues that Branstad's trial testimony is immaterial on the point because he is bound by the characterization of the agreement as "contemporaneous" in his affirmative defense.

■ Garland's argument rests on the well-settled rule that a party will be bound by admissions contained in a pleading. *Grantham v. Potthoff–Rosene Co.*, 257 Iowa 224, 229, 131 N.W.2d 256, 258 (1965); *accord Long v. McAllister*, 319 N.W.2d 256, 258 (Iowa 1982) (defendant admitted entitlement to interest in answer, so question of interest no longer an issue); *Carlson v. Vondrak*, 555 N.W.2d 238, 241 (Iowa Ct.App.1996) (defendant's answer admitted partnership status of plaintiff, thereby satisfying proof requirement); *Miller v. AMF Harley–Davidson Motor Co.*, 328 N.W.2d 348, 352 (Iowa Ct.App.1982) (marital status of plaintiff admitted by defendant in answer, so validity of marriage established). But the rule, embodied in Iowa Rule of Civil Procedure 1.405(3), contains an important exception pertinent here. It states:

> *What admitted.* Every fact pleaded and not denied in a subsequent pleading as permitted by these rules shall be deemed admitted except for any of the following:

> . . . .

> *(b)* Averments in a pleading to which no responsive pleading is required or permitted.

Iowa R. Civ. P. 1.405(3)(b).

■ The "averment" at issue here was urged in Branstad's answer, not as an admission but as part of an affirmative defense to which no responsive pleading was required or permitted. *See* Iowa R. Civ. P. 1.401 (allowable pleadings). In that respect the case differs markedly from the cases relied upon by Garland, all of which involved affirmative admissions on dispositive factual issues or averments in pleadings calling for a response. *Grantham*, for example, involved a *counterclaim* filed by the defendant that demanded damages for cancellation of a contract in response to plaintiff's suit for return of a down payment. We said the defendant's counterclaim amounted to a "definite admission, not only of receipt of the money, but of its retention by [defendant] as payment on the claimed damages." *Grantham*, 257 Iowa at 232–33, 131 N.W.2d at 260. We then held these admissions were binding on the defendant, requiring reversal of the trial court's subsequent consideration of defendant's proof that the down payment was actually returned to plaintiff's agent. *Id.* at 233, 131 N.W.2d at 260.

Under rule 1.405(3), Branstad was not bound by the use of the word "contemporaneous" in his affirmative defense. Thus, unlike the situation in *Grantham*, the court committed no error in weighing Branstad's pleading against more persuasive proof urged at trial. *Cf. id.* at 234, 131 N.W.2d at 260 (because counterclaim never withdrawn, court erred in "weighing the conflicting showings" at trial).

■ **B. Admissibility of parol evidence.** Because the court of appeals ma-

jority misapplied rule 1.405(3)(b),[2] it held the trial court erred when it permitted Branstad to offer parol evidence concerning his oral agreement with Garland. To the extent Branstad's evidence was tendered to establish subsequent negotiations and a modification of the written contract, however, it was admissible. *See Whalen v. Connelly*, 545 N.W.2d 284, 291 (Iowa 1996) (parol evidence rule applies only to prior and contemporaneous matters).

█ Our de novo review of the facts leads us to concur in the district court's conclusion that the parties agreed to suspend the note's interest provisions so long as Branstad managed Garland's property. Their oral agreement further provided that when their arrangement ceased—as a result of sale of the properties or dissatisfaction with their management—the note's original terms would be reinstated.

The record reveals that the parties conducted themselves in accordance with their oral agreement for many years. Branstad and his wife expended money and performed labor on Garland's behalf. Garland did not report Branstad's payments as interest for income tax purposes. Branstad did not deduct them as such. Until their relationship soured in late 1997 or early 1998, each party acted in keeping with their parol agreement. Thus the evidence was properly admitted. *See Gordon v. Witthauer*, 258 Iowa 617, 622, 138 N.W.2d 918, 921 (1966) (oral agreement accepted and acted upon by parties may alter or modify written contract).

*C. Statute of frauds.* In the alternative, Garland appeals the district court's failure to apply the statute of frauds to preclude evidence of the parties' oral agreement on interest. *See* Iowa Code § 622.32 (1999).[3] She specifically relies on subsection (4), relating to agreements "that are not to be performed within one year of the making thereof." Branstad disputes the application of the rule to the facts of this case. He insists his agreement with Garland was terminable at will by either party and, thus, would not necessarily have extended beyond one year.

█ The statute of frauds, which is no more than a rule of evidence, "governs, not the validity of a contract, but only the manner in which one may be proven." *Johnson v. Ward*, 265 N.W.2d 746, 747–48 (Iowa 1978). In deciding whether a particular oral contract is governed by the rule, the question is not whether performance must actually be completed within a year but whether it would be *possible* to perform the contract within that time frame. *Id.* at 747. Put another way, "[c]ontracts of uncertain duration are simply excluded; the provision covers only those contracts whose performance cannot possibly be completed within a year." Restatement (Second) of Contracts § 130 cmt. a, at 328 (1981).

2. The court also cited its opinion in *Carlson v. Vondrak* for the proposition that an assertion concerning admissions may furnish grounds for reversal even if raised "for the first time on appeal." *See Carlson*, 555 N.W.2d at 241. To the extent that dicta from *Carlson* might lead to that conclusion, we hereby disavow it. Error preservation was not an issue in *Carlson*.

3. The statute provides, in pertinent part:

Except when otherwise specially provided, no evidence of the following enumerated contracts is competent, unless it be in writing and signed by the party charged or by the party's authorized agent:

. . .

3. Those for the creation or transfer of any interest in lands, except for leases for a term not exceeding one year.

4. Those that are not to be performed within one year from the making thereof.

 Here the district court overruled Garland's statute of frauds objection on the ground Branstad had rendered part performance under the parties' agreement, an exception to the statute recognized in *Gardner v. Gardner*, 454 N.W.2d 361, 363 (Iowa 1990). This court recently clarified, however, that the partial-performance exception applies only to contracts for the conveyance of interests in real estate, as in *Gardner*. *Pollmann v. Belle Plaine Livestock Auction, Inc.*, 567 N.W.2d 405, 407 (Iowa 1997); *see* Iowa Code § 622.33 (limiting statutory exception to subsection (3) of section 622.32, contracts "for the creation or transfer of an interest in lands").

 We nevertheless believe the court was correct in refusing to enforce the statute of frauds to prevent Branstad's proof. The oral contract he described was plainly of uncertain duration. It could have extended for many years, as this case demonstrates, or it could have come to an end within a month. By its terms, it was not "impossible of performance" within one year so as to come within the proscription of the statute. *Johnson*, 265 N.W.2d at 747. Thus we affirm, albeit on different grounds, the district court's overruling of Garland's evidentiary objection.

## IV. Conclusion.

 It is true, as Garland argues and the court of appeals observed, that the district court measured the adequacy of Garland's notice to cure default by the standard set in the consumer credit code, Iowa Code section 537.5111(1), rather than the pertinent provision of chapter 654 relating to the foreclosure of real estate mortgages. We are nevertheless convinced, as was the district court, that the notice was substantially inaccurate with regard to interest due, all to Branstad's prejudice. *See* Iowa Code § 654.2B (requirements for notice to cure). A preponderance of credible evidence establishes that, in keeping with Branstad's subsequent agreement with Garland, no interest was due under the note and mortgage until January 1, 1998. We therefore affirm the district court's dismissal of Garland's action on the note and mortgage, observing—as did the district court—that Garland is not thereby prevented from serving a new notice to cure consistent with this opinion.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except STREIT, J., who takes no part.