# IN THE COURT OF APPEALS OF IOWA

No. 3-1165 / 13-0491
Filed March 12, 2014

**JERRY WESTCOTT and DARLENE WESTCOTT,**
        Plaintiffs-Counterclaim Defendants-Appellees,

**vs.**

**ROGER MALLI,**
        Defendant-Counterclaimant-Appellant.
_____

Appeal from the Iowa District Court for Winneshiek County, Richard D. Stochl, Judge.

Roger Malli appeals the district court's finding that Jerry Westcott and Darlene Westcott are the legal title holders to 2.9 acres of disputed land. **AFFIRMED.**

Kevin E. Schoeberl of Story & Schoeberl Law Firm, Cresco, for appellant.

Erik W. Fern, Decorah, for appellees.

Heard by Vogel, P.J., and Tabor and McDonald, JJ.

**VOGEL, P.J.**

Roger Malli appeals the district court's finding that Jerry Westcott and Darlene Westcott are the legal title holders to 2.9 acres of disputed land. Malli argues the Westcotts failed to prove by clear and convincing evidence they adversely possessed the property, and consequently, the district court erred in dismissing Malli's counterclaims of trespass and conversion. Malli further argues the district court erred in admitting testimony of a statement made by a deceased realtor. Finally, Malli claims the court should have awarded him attorney fees. Because we conclude the Westcotts proved their adverse possession claim, the district court properly admitted the realtor's statement, as well as properly denied Malli attorney fees, we affirm.

## I. Factual and Procedural Background

On November 5, 1988, Jerry and Darlene Westcott entered into a real estate contract with Malli to buy "80 acres, more or less, and buildings on land legally described as: The South One-half (S ½) Southwest Quarter (SW ¼) of Section Thirty (30), Township 100 North, Range Nine (9), West of the 5th P.M., Winneshiek County, Iowa." At the time of the contract, Malli owned a 2.9 acre parcel of land described as: "Lot 1 of the Northwest Quarter of the Southwest Quarter of Section 30, Township 100 North, Range 9 West of the 5th P.M., in Winneshiek County, Iowa."

The eighty plus acres was listed by Malli with the real estate company of Erickson-Prohaska, and Dick Cummings was the real estate agent. Cummings advised the Westcotts the property encompassed everything within the fence line, which included the 2.9 acres. No survey was ever done, though the

Westcotts received a plat map from Cummings, which was highlighted to include the 2.9 acre parcel. The Westcotts testified they believed they purchased the disputed parcel along with the eighty acres. Consequently, they made improvements on the parcel, such as replacing and repairing the fencing, constructing new gates, grading an unimproved road and putting gravel on its surface. They have also used the land for grazing their cattle and horses. They have cut down trees, removed a dilapidated shed, and mowed and sprayed the grass on the property. Additionally, between 1989 and 2010, the Westcotts have leased out their land—including this parcel—and the tenants have used the parcel to access other pastures on the property as well as graze their livestock.

A pole barn, constructed by Malli in 1978 and sold as part of the Westcott purchase, sits on the eighty acres with approximately forty-six inches sitting across the property line of the 2.9 acres. This encroachment was not described in the original deed. A corral is also located on the 2.9 acres, north of the barn. The Westcotts replaced the corral's fencing. Both the barn and the corral for the cattle and horses have been used by the Westcotts since they purchased the property from Malli. The Westcotts believed they were paying taxes on the disputed land because of the irregular shape of the property, as well as the fact their tax statement indicated they were paying taxes on 82.3 acres.

To correct a prior deed, Malli received a quit claim deed to the 2.9 acres from Michael and Carolyn Junk in 1993.[1] The deed was recorded on February

---

[1] In 1988 Herb and Naomi Gossman sold the property to Michael Junk and Caroline Junk, who sold to Richard Janechek and Dennis Janechek in 1993. Upon selling a 150 acre tract of land to the Janacheks, the Junks learned from Herb Gossman that the 2.9 acre parcel had been conveyed by the Gossmans in the mid 1980's to Malli. As there

24, 1994. Since 1988, Malli has only been on the parcel two to three times[2] and has never interfered with the Westcotts' use of the property. However, Malli has paid the property taxes for the parcel since 1993.

In July of 2011, the Westcotts were informed by the Farm Service Agency that they did not have legal title to the 2.9 acres. Consequently, they filed suit to obtain title through adverse possession. Malli resisted, filing counterclaims of trespass and conversion. Trial was held on February 27, 2013. On February 28, the district court issued an order finding the Westcotts had proven the elements of adverse possession, such that they had established legal title to the property. Malli appeals.

## II. Standard of Review

We review this action brought in equity de novo. *Rubes v. Mega Life & Health Ins. Co.*, 642 N.W.2d 263, 266 (Iowa 2002). We are not bound by the district court's factual findings but we may give them weight, particularly with regard to the credibility of witnesses. *Id.*

## III. Statement by Cummings

We begin by addressing an evidentiary issue. Malli asserts the district court erred in admitting the statement of Cummings—now deceased—to the Westcotts that the land they were about to purchase included the 2.9 acre parcel. Malli argues the statute of frauds, *see* Iowa Code section 622.32 (2013),

was no dispute over the ownership of the parcel, the Junks issued a quit claim deed to Malli.

[2] There is some dispute as to how often Malli visited the property. Malli asserts he visited the property on numerous occasions, though the Westcotts claim Malli has only been on the parcel once, after the suit was filed. In its findings of fact, the district court stated: "Malli has been on the 2.9 acre parcel twice since 1988. Each occurred after this action was filed. He did not step foot on the land once in over ten years and only did so when he faced a claim adverse to his."

prevents the use of parol evidence in interpreting the parties' real estate contract. Additionally, the fact the real estate contract was a fully integrated document precludes the admission of any parol evidence in interpreting the contract. Malli also claims the statement was inadmissible based on relevance and hearsay.

We review the admissibility of evidence for an abuse of discretion and hearsay evidence for correction of errors at law. *State v. Dullard*, 668 N.W.2d 585, 589 (Iowa 2003). Hearsay must be excluded as evidence unless admitted as an exception or exclusion under the hearsay rule or some other provision. *Id.*

The district court admitted the testimony of Jerry Westcott, who stated: "We come back down to the north fence, and Dick Cummings said that everything that you see inside of the fences is the property."[3] In admitting the statement, the following exchange occurred:

> The Court: But the question is: Are you offering this testimony to prove the matter asserted, that, in fact, this 2.9 acres is included within the 80 acres, not based on adverse possession but that he was correct in his assertion that the 2.9 acres is included? If the 2.9 acres, in fact, was not a part of the 80 acres, you're not offering his testimony to prove that, in fact, it was.
> Counsel: Oh, correct, Your Honor.
> The Court: Then you're not offering it to prove the matter asserted and it, therefore, does not become hearsay.
> Counsel: That is correct, Your Honor, yes.
> The Court: So all you're offering it for is they heard him say that and they believed it. Is that why you're offering the evidence?
> Counsel: Yes, and to show their—basically show their belief and their occupancy.
> The Court: Based on that clarification, the objection is overruled.

---

[3] We note this statement is corroborated both by the aerial map showing that the property included the 2.9 acres as well as the testimony of Keith Hansen, who stated: "[Cummings] said that the north corner was from here pretty much straight back . . . but it was from that corner post to—on the road and then it—of course, it comes out into the center of the road which the county maintains."

We agree with the district court's interpretation that this statement was not admitted for the truth of the matter asserted. Rather, it was offered to show the Westcotts' understanding they owned the 2.9 acre parcel because they believed it was sold as part of the "eighty acres more or less," as reflected on their contract and deed in satisfaction of the contract. *See* Iowa R. Evid. 5.802. Consequently, the statement is not hearsay, and because it is also relevant, *see* Iowa R. Evid. 5.402, the district court properly admitted the statement.

Moreover, as demonstrated by the record, this evidence was not admitted to interpret the real estate contract. Therefore, the statute of frauds and the parol evidence rule do not apply. *See Garland v. Branstad*, 648 N.W.2d 65, 69 (Iowa 2002) (stating the parol evidence rule forbids the use of extrinsic evidence to vary, add to, or subtract from a written agreement). Consequently, Malli's arguments in this regard are without merit.

## IV. Adverse Possession Claim

### A. Adverse Possession

"A party claiming title by adverse possession must establish hostile, actual, open, exclusive and continuous possession, under claim of right or color of title for at least ten years." *Garrett v. Huster*, 684 N.W.2d 250, 253 (Iowa 2004). This doctrine is strictly construed. *Id.*

"Although 'mere use' is insufficient to establish hostility or claim of right, certain acts, including substantial maintenance and improvement of the land, can support a claim of ownership and hostility to the true owner." *Louisa Cnty. Conservation Bd. v. Malone*, 778 N.W.2d 204, 208 (Iowa Ct. App. 2009). Here, the Westcotts maintained the land by improving and maintaining the pole barn

and fencing, grading the road, constructing new gates, removing a shed, and mowing and spraying the grass. Malli, in contrast, never used nor maintained the land and, as the district court found, did not even venture onto the property during the Westcotts' use of the disputed parcel until after this action was filed. Furthermore, Malli did not describe the pole barn's forty-six inch encroachment onto the 2.9 acres in the deed to the Westcotts, indicating Malli believed he was selling all of the property within the fence line.

Malli claims, however, that he gave the Westcotts permission to use the land in this manner, thereby negating the hostile element. In assessing Malli's credibility, the district court stated: "Malli claims he informed the Westcotts of his ownership and allowed them free use of the property. The Westcotts deny any such conversation occurred. The court finds the Westcotts far more credible and concludes no such conversation occurred." We lend significant weight to the district court's determination of credibility because the court is in the best position to observe the witnesses and establish the veracity of their testimony. *See Rubes*, 642 N.W.2d at 266. Therefore, we rely on the district court's conclusion that Malli did not in fact give permission to the Westcotts to use the parcel.

Furthermore, no evidence corroborates Malli's claim he gave the Wescotts permission to use the land. Malli did not pay taxes on to the property until 1993, which indicates he did not believe he owned the property. Without knowledge of ownership, no permission would have been granted. Therefore, given the Westcotts' substantial maintenance and improvement of the land, as well as the fact they did not have Malli's permission to use the land in such a manner, the hostile element is satisfied.

The Westcotts must also establish their possession was under claim of right or color of title. The claim of right element may be satisfied when the plaintiff takes and maintains the property in the manner of an owner, that is, the plaintiff's conduct must evidence ownership. *Louisa Cnty. Conservation Bd.*, 778 N.W.2d at 208. Since 1988, the Westcotts have made many improvements as well as maintained the disputed parcel. They have leased out their land, which included the 2.9 acres, between 1989 and 2010, and the tenants used the parcel in a manner consistent with the Westcotts' exclusive ownership of the land. Additionally, the Westcotts have used the parcel to graze their own livestock. This use, which is consistent with the ownership of the parcel, is sufficient to establish the claim of right element.

The Westcotts have also been able to satisfy the remaining elements of adverse possession. Their use of the land has been continuous since 1988, satisfying the ten-year requirement. As evidenced by the manner in which they used and maintained the land, their possession has also been actual, open, and exclusive. Other than the tenants and the Westcotts, no one else has used the disputed parcel, and had Malli ever ventured onto the property, he would have had notice of the Westcotts' open use of the land. *See Lawese v. Glaha*, 114 N.W.2d 900, 904 (Iowa 1962) ("If possession is originally acquired in subordination to the title of the true owner, there must be a disclaimer of the title from him, an actual hostile possession of which he has notice or which is so open and notorious as to raise a presumption of notice."). Therefore, the Westcotts proved by clear and convincing evidence all the elements necessary to establish

their claim of adverse possession, and the district court properly found title of the 2.9 acres was with the Westcotts.

### B. Easement by Prescription Claim

Malli asserts the Westcotts' easement by prescription claim, pled in the alternative, suffers from the same defects as their adverse possession claim. However, as discussed above, the Westcotts proved by clear and convincing evidence they adversely possessed the 2.9 acre parcel. Therefore, the easement by prescription claim is moot, and we decline to address the merits of Malli's alternative argument.

### C. Malli's Counterclaims

Malli further argues the district court erred in dismissing his counterclaims of trespass and conversion. However, the district court correctly concluded the Westcotts established their adverse possession claim, thus obviating Malli's counterclaims. Consequently, the district court properly dismissed the counterclaims of trespass and conversion, and we affirm.

## V. Attorney Fees

Malli's final argument asserts the district court erred in declining to award him attorney fees because the Westcotts breached the real estate contract and engaged in trespass and conversion. Malli also requests he be awarded attorney fees and costs associated with this appeal.

We review the decision of whether or not to award attorney fees for an abuse of discretion. *Boyle v. Alum-Line, Inc.*, 773 N.W.2d 829, 832 (Iowa 2009). Reversal is warranted only when the court rests its ruling on grounds that are clearly unreasonable or untenable. *Id.*

Malli has no right to attorney fees based either on statutory or contractual grounds. *NevadaCare, Inc. v. Dep't of Human Servs.*, 783 N.W.2d 459, 469 (Iowa 2010) ("As a general rule, unless authorized by statute or contract, an award of attorney fees is not allowed."). Therefore, the district court did not abuse its discretion in not awarding attorney fees, and we decline to award attorney fees on appeal.

Having considered all arguments presented by Malli, we affirm the decision of the district court.

Costs of this appeal are assessed to Malli.

**AFFIRMED.**